| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| United States of America, *et al.*, *ex rel.* Michael Vaughn, et al., | § § § § | |
| *Plaintiffs,* | § § | |
| *versus* | § § | Civil Action H-13-1081 |
| United Biologics, LLC, *et al.*, | § § § | |
| *Defendants.* | § | |

### RESPONSE TO VAUGHN'S NOTICE AND UAS'S MOTION TO COMPEL VAUGHN'S SHARING AGREEMENT

Since the Court's January 19, 2017 hearing, certain developments have occurred that the Court may find important. First, the Government continues to file pleadings with the Northern District of Georgia that conflict with this Court's prior holding that sufficient time had passed for the Government to make a decision about intervention in this case. The Government's intent appears to be to convince that court to delay in transferring that case to this Court. Meanwhile, the Government will not permit UAS to share those pleadings with this Court, even under seal.

Second, the Government's recent actions further demonstrate Vaughn's ongoing forum shopping. In an effort to understand more fully Vaughn's representations regarding his motion to dismiss and the

Government's involvement, undersigned counsel requested the following: (1) the "sharing agreement" between Vaughn and the Georgia relator and any related agreements; (2) the dates of negotiation and execution of these agreements; (3) information concerning the Government's knowledge of the agreements; and (4) information concerning when the Government learned of Vaughn's proposed motion to dismiss. *See* Ex. A. This information would reveal the likely purpose of the sharing agreement and any potential involvement by the Government and the Georgia relator in the ongoing forum shopping notwithstanding the representations of Vaughn's counsel at the hearing. *See* Ex. B, tr. of Jan 19, 2017 hearing at p. 27-29, 31-33; 43-44.

Vaughn's counsel has refused to provide this information to UAS under the claim of "common interest privilege." *See* Ex. A. When undersigned counsel pointed out that such a claim contradicts representations Vaughn's counsel made at the hearing that the Government was not involved, Vaughn's counsel still refused to provide the information. When asked to supply this information to the Court, *in camera*, Vaughn declined. *See id.* UAS therefore requests that the Court compel production of this information to UAS, or alternatively, *in camera* to the Court.

The sharing agreement is not privileged, but rather a business arrangement negotiated at arms-length between Vaughn and the Georgia relator to share in one another's recovery, which they have already admitted in

open court. *See S. Scrap Material Co. v. Fleming*, No. CIV.A. 01-2554, 2003 WL 21474516, at *13 (E.D. La. June 18, 2003). The arrangement concerns the payment terms for their counsel, which also are not privileged. *See In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-Requena*, 913 F.2d 1118, 1123-26 (5th Cir. 1990). Vaughn's communications with the Government regarding the sharing agreement or in seeking its consent to the motion to dismiss are not privileged either, and any tangential work product protection should be overcome by the substantial need to understand Vaughn's representations in open Court. *See, e.g.*, *United States ex rel Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396, 401-02 (D. Colo. 1992).

Moreover, the Court should be entitled to know if Vaughn's attorneys still intend to retain a stake in this never ending litigation even if Vaughn waived his "fee" in exchange for dismissal. *See Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 453 (5th Cir 1995). All of the above information may also supply additional reasons to grant UAS attorney's fees based on inappropriate forum shopping. *See United States ex rel Burke v. Record Press, Inc.*, 816 F.3d 878, 882 (D.C. Cir. 2016).

Accordingly, UAS asks that the Court compel Vaughn to produce the sharing agreement and related information discussed above. Alternatively, UAS requests the Court compel this information for its *in camera* inspection.

Dated: February 15, 2017

Respectfully submitted,

PILLSBURY WINTHROP
SHAW PITTMAN LLP

/s/    *Casey Low*
Casey Low
*Attorney-In-Charge*
State Bar No. 24041363
Fed. ID No. 1009855
casey.low@pillsburylaw.com
(512) 580-9616
Dillon J. Ferguson
State Bar No. 06911700
FED ID # 1009855
dillon.ferguson@pillsburylaw.com
(512) 580-9610
401 Congress Ave., Suite 1700
Austin, TX 78701
Facsimile (512) 375-4901

Of Counsel:

Aaron M. Danzig
*Admitted Pro Hac Vice*
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363
Telephone: 404.873.8500
Facsimile: 404.873.8501
Email: aaron.danzig@agg.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with Relators' counsel concerning the

issues raised in this motion in good faith and sought to resolve these issues

4

without Court intervention. The parties could not come to an agreement, and UAS was thus forced to file this motion.

/s/   *Casey Low*
Casey Low

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2017, the foregoing document was served on the following individuals via the Court's e-filing system.

Andrea E. Belgau
US Attorney
1000 Louisiana Street
Suite 2300
Houston, TX  66902
Tel 713-567-9000
Andres.belgau@usdoj.gov
**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

Kevin Daniel Bradberry
Georgia Department of Law
2000 Piedmont Ave., S.E.
West Tower, 19th Floor
Atlanta, GA  30334
Tel 404-656-7307
kradberry@law.ga.gov
**ATTORNEY FOR PLAINTIFF**
**STATE OF GEORGIA**

Patrick O'Connell
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood, Bldg. 14
Austin, Texas 78746
Tel 512-583-0451
poconnell@oconnellsoifer.com

5

**ATTORNEYS FOR PLAINTIFFS**
**MICHAEL VAUGHN, WILLIAM McKENNA,**
**WESLEY STAFFORD and THEODORE FREEMAN**

/s/  *Casey Low*
Casey Low

| | | |
|---|---|---|
| United States of America, *et al.*, *ex rel.* Michael Vaughn, et al., | § § § § § | |
| *Plaintiffs,* | § § | |
| *versus* | § § | Civil Action H-13-1081 |
| United Biologics, LLC, *et al.*, | § § § | |
| *Defendants.* | § § | |

# [PROPOSED] ORDER GRANTING UAS'S MOTION TO COMPEL

UAS's motion to compel is GRANTED. Vaughn is ordered to produce the following:

(1) any "sharing agreement" involving the relators and their counsel with any other third party;

(2) the dates the sharing agreements were negotiated and executed;

(3) the date the government was first made aware of the agreements and any correspondence related thereto; and

(4) the date Vaughn first sought the government's consent to his motion to dismiss and any correspondence related thereto.

Signed_____, 2017, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge